UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV 19 (DAB)
ECF CASE

**AFFIDAVIT OF COUNSEL
IN SUPPORT OF
DEFAULT JUDGMENT**

                                        Plaintiffs,

        -against-

MARIA GAGLIANO INC. T/A NEW LOOK
CONTRACTING, INC.,

                                        Defendant.

-------------------------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

        ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

        1.      I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

        2.      I submit this affidavit in support of plaintiffs' motion for default judgment against

Maria Gagliano Inc T/A New Look Contracting, Inc. ("Defendant"), confirming an arbitration

award against the Defendant, dated September 21, 2007.

3.     Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.     Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.     Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.     Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.     Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated September 21, 2007 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.     The arbitrator found that Maria Gagliano Inc T/A New Look Contracting, Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it

to furnish the Plaintiffs with any and all books and records, for the period of March 2, 2005

through September 21, 2007 including but not limited to, the cash disbursement section of the

cash book, general ledger, job location records, daily time records and all certified payrolls.

9.      The arbitrator also found that Maria Gagliano Inc T/A New Look Contracting,

Inc. was required to pay the funds a total sum of $2,350.00 pursuant to the Agreement,

representing costs incurred in the arbitration.

10.      The defendant has failed to abide by the award.

11.      The award has not been vacated or modified and no application for such relief is

currently pending or has been made.

12.      Plaintiffs commenced this action on January 2, 2008 by filing a summons and

complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the

summons and complaint together with the Judge's rules upon Defendant by delivering one (1)

true copy of the same to the Secretary of the State of New York on January 10, 2008, pursuant to

Section 307 of New York Business Corporation Law and an affidavit of service was filed with

the Court on January 18, 2008 (A copy is annexed hereto as Exhibit "C").  Plaintiffs completed

service by mailing one (1) true copy thereof by registered mail with return receipt requested at

the last known address of the corporation known to the plaintiffs on January 3, 2008 and an

affidavit of service was filed with the Court on January 18, 2008.  (A copy is annexed hereto as

Exhibit "D").

13.      This action is timely as it was filed within the one year statute of limitations

applicable to a petition to confirm and arbitrator's award.

14.      Defendant has failed to answer or appear or move with respect to the complaint

and the time to do so has expired.  (A copy of the Clerk's Certificate is annexed hereto as Exhibit

"E").

15.    Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as

follows:

    a.  confirming the arbitrator's award;

    b.  ordering Maria Gagliano Inc T/A New Look Contracting, Inc. and its

        officers to make available to the Plaintiffs or authorized representatives any

        and all books and records deemed necessary to conduct an audit including,

        but not limited to, the cash disbursement section of the cash book, general

        ledger, job location records, daily time records and all certified payrolls for

        the period March 2, 2005 through September 21, 2007.

    c.  awarding judgment for the plaintiffs and against Defendant in the principal

        amount of $2,350.00;

    d.  attorneys' fees and costs arising out of this action as determined by the

        court. (An Affidavit of Services is annexed hereto as Exhibit "F" and a

        proposed Default Judgment is annexed hereto as Exhibit "G");

    e.  such other and further relief as this Court may deem just and proper

                                        ANDREW GRABOIS (AG 3192)

Sworn to before me this
27th day of March, 2008


NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Jan 01, 20__

4

**ORIGINAL**

**OFFICE OF THE IMPARTIAL ARBITRATOR**

--------------------------------------------X

In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council          **DEFAULT**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,            **AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
             And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters           17604
and Joiners of America
              (Petitioners)

    -and-

Maria Gagliano Inc. T/A New Look Contracting
                  (Employer)

--------------------------------------------X

BEFORE:  Robert Herzog, Esq.

    Maria Gagliano Inc. T/A New Look Contracting (hereinafter

referred to as the "Employer") and the District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and

Joiners of America, are parties to Collective Bargaining Agreements,

dated July 01, 2001 and thereafter, providing for arbitration of

disputes before the undersigned Arbitrator as Impartial Arbitrator,

and in which the Employer has therein agreed, for the duration of

1

the agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds").  The Petitioners, as beneficiaries of the Collective Bargaining Agreements, have standing before the Arbitrator.  In accordance therewith, the Petitioners, by an August 7, 2007 Notice of Intention to Arbitrate, demanded arbitration.  The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of March 2, 2005 through to date to determine whether it is in compliance with its obligation to contribute to the Funds.  A Notice of Hearing dated August 24, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for September 12, 2007.

The Notice of Hearing was sent to the Employer by regular and certified mail.  The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer

On September 12, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the parties

2

present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the March 2, 2005 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Maria Gagliano Inc. T/A New Look Contracting is in violation of the terms of the Collective Bargaining Agreements;

2. Maria Gagliano Inc. T/A New Look Contracting is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of March 2, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Maria Gagliano Inc. T/A New Look Contracting shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Court Costs | $   350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. Maria Gagliano Inc. T/A New Look Contracting shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: September 21, 2007

4

State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Dated: September 21, 2007

Robert Herzog
Arbitrator


To:  Maria Gagliano Inc. T/A New Look Contracting
     Attn: Mr. Pat Gagliano, Vice President
     156 E Commodore Blvd., Suite B
     Jackson, New Jersey 08527

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BATTS**

-------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA FUND and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, by MICHAEL J. FORDE,
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE,
as EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

**08 CV 0019**

07 CV_____

**SUMMONS**

Plaintiffs,

-against-

MARIA GAGLIANO INC. T/A NEW LOOK CONTRACTING, INC.,

Defendant.

-------------------------------------------------------------------------------X

TO:    Maria Gagliano Inc. T/A New Look Contracting, Inc.
       156 East Commodore Blvd., Suite B
       Jackson, NJ 08527

**YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

O'DWYER & BERNSTIEN, LLP
52 Duane Street
New York, New York 10007
(212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

J. MICHAEL McMAHON

_____
CLERK

_____
BY DEPUTY CLERK

_____    JAN 0 2 2007
DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL J.
FORDE, and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE, as EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

JUDGE BATTS

08 CV 0019

07 CV_____

**COMPLAINT**



                                        Plaintiffs,

         -against-

MARIA GAGLIANO INC. T/A NEW LOOK CONTRACTING, INC.,

                                        Defendant.
------------------------------------------------------------------------X

         Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

         1.    This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Maria Gagliano Inc. T/A New Look Contracting, Inc. ("Employer").

**JURISDICTION**

2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1),

(e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of

the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant is a foreign corporation incorporated

under laws of the State of New Jersey with a principal place of business located at 156 East

Commodore Blvd, Suite B, Jackson, NJ 08527.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 21, 2007 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of March 2, 2005 through September 21, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14.     The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.     The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.     For an order confirming the arbitration award in all respects;

2.     For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period March 2, 2005 through September 21, 2007.

3.     For entry of judgment in favor of the Benefit Funds and against Maria Gagliano Inc. T/A New Look Contracting, Inc. ordering defendant to pay the Benefit Funds a total sum of $2,350.00, with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4.     For attorneys' fees and costs of this action;

5.     For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
         January 2, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 cv 0019                                          Purchased/Filed: January 2, 2008

STATE OF NEW YORK        UNITED STATES DISTRICT COURT              SOUTHERN DISTRICT

---

The New York City District Council of Carpenters Pension Fund, et al          Plaintiff

against

Maria Gagliano Inc. T/A New Look Contracting, Inc.                             Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY                SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 10, 2008 _____ , at __ 2:00pm __ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibit, Individual Practices of Judge Deborah A. Batts and Individual
Practices of Magistrate Judge Michael H. Dolinger                                          on

_____ Maria Gagliano Inc. T/A New Look Contracting, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Donna Christie _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, ___ 1 ___ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ___ 40 ___ dollars; That said service

was made pursuant to Section __ 307 Business Corporation Law __ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: ___ 38 ___     Approx. Wt: ___ 145 ___     Approx. Ht: ___ 5'5" ___

Color of skin: ___ White ___     Hair color: ___ Blonde ___  Sex: ___ F ___    Other: _____

Sworn to before me on this

__ 15th __ day of _____ January, 2008 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice•Work Order # SP0800199

*SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*

STATE OF NEW YORK        )

COUNTY OF NEW YORK   )                    SS.:

    RICH GAGE, being sworn, says:  I am not a party to the action, am over 18 years

of age and reside in Brooklyn, New York.   On the 3rd day of January, 2008, I served

plaintiffs' **SUMMONS and COMPLAINT and JUDGES' RULES** to the following party by

depositing a true copy thereof in a post-paid wrapper, registered mail with return receipt

requested, in an official depository under the exclusive care and custody of the United

States Postal Service within New York State, addressed to the following persons at the

last known address set forth after each name below:

TO:    Maria Gagliano Inc. T/A New Look Contracting, Inc.
       156 East Commodore Blvd., Suite B
       Jackson, NJ 08527

RICH GAGE

Sworn to before me this
3rd day of January, 2008

NOTARY PUBLIC

JASON FUIMAN
Notary Public, State of New York
No.02FU6104740
Qualified in New York County
Commission Expires January 26, 20?3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY          08 CV 19 (DAB)
DISTRICT COUNCIL OF CARPENTERS ANNUITY           ECF CASE
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN         **CLERKS**
RETRAINING, EDUCATIONAL AND INDUSTRY             **CERTIFICATE**
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

                              Plaintiffs,


             -against-


MARIA GAGLIANO INC. T/A NEW LOOK
CONTRACTING, INC.,

                              Defendant.
------------------------------------------------------------------------X

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on January 2, 2008 by filing of

the Summons and Complaint, and a copy of the Summons and Complaint having been served on the

defendant, Maria Gagliano Inc. T/A New Look Contracting, Inc., on January 10, 2008, by delivering

one (1) true copy thereof to Donna Christie, an authorized clerk in the Office of the Secretary of

State of the State of New York, and proof of service being filed on January 18, 2008, and by

registered mail to Maria Gagliano Inc. T/A New Look Contracting, Inc., 156 East Commodore Blvd.,

Suite B, Jackson, NJ 08527 on January 3, 2008, and proof of service being filed on January 18, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated: _MARCH 19, 2008_
      New York, New York

**J. MICHAEL MCMAHON**
Clerk of the Court

By: _____
      Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY                          08 CV 19 (DAB)
DISTRICT COUNCIL OF CARPENTERS                        ECF CASE
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,                 **AFFIDAVIT OF**
JOURNEYMAN RETRAINING, EDUCATIONAL                    **SERVICES**
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE and
PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE, as EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

                              Plaintiffs,

              -against-

MARIA GAGLIANO INC. T/A/ NEW LOOK
CONTRACTING, INC.,

                                        Defendant.
-------------------------------------------------------------------------X
STATE OF NEW YORK          )
                           :SS.:
COUNTY OF NEW YORK         )


        ANDREW GRABOIS, being duly sworn, deposes and says:

        1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &

Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant

application for default judgment and order.

2. On January 2, 2008, Rich Gage, a paralegal in this office, drafted a complaint, cover sheet and other required documents and prepared them for filing with the Clerk of the Court. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour, for a total of $125.00 in attorneys' fees.

3. On January 2, 2008, your deponent reviewed and finalized the aforementioned documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On January 2, 2008, Mr. Gage prepared and filed the aforementioned documents with the Clerk of the Court and on the Electronic Case Filing system. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour, for a total of $125.00 in attorneys' fees.

5. On January 3, 2008, Mr. Gage prepared and mailed the aforementioned documents for service through the Department of State. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of $62.50 in attorneys' fees.

6. On January 3, 2008, Mr. Gage prepared and mailed the aforementioned documents for service of process by registered mail. He spent 1.0 hours on this matter at a billing rate of $125.00 per hour for a total of $125.00 in attorneys' fees.

7. On January 18, 2008, Ian Henderson, a paralegal in this office, prepared and filed the affidavits of service with the Court and on the ECF system. He spent 1.0 hours on this matter at a billing rate of $200.00 per hour for a total of $200.00 in attorneys' fees.

8. On March 27, 2008, Mr. Henderson prepared the default documents, including a proposed default judgment and notice of motion and affidavit of services rendered. He spent a total of 4.0 hours on this matter. The billing rate for matters of this nature is $200.00 per hour for a total of $800.00 in attorneys' fees.

9. On March 27, 2008, your deponent reviewed and finalized the aforementioned default documents over 0.5 hours, at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

10.  The cost of the process server to effectuate service of process was $74.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of

$1,787.50 and costs arising out of this action in the amount of $74.00 for a total of $1,861.50.


ANDREW GRABOIS (AG 3192)


Sworn to before me this
27th day of March, 2008


NOTARY PUBLIC

ROSA FALLON
Commissioner of Deeds
City of New York - No. 2-12032
Qualified in Kings County
Commission Expires Jan 01, 20/0.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE, as EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

08 CV 19 (DAB)
ECF CASE

**DEFAULT JUDGMENT**

                        Plaintiffs,

            -against-

MARIA GAGLIANO INC. T/A NEW LOOK
CONTRACTING, INC.,

                        Defendant.
------------------------------------------------------------------------X

This action having been commenced on January 2, 2008 by the filing of a Summons and
Complaint, and a copy of the Summons and Complaint having been served on the defendant Maria
Gagliano Inc T/A New Look Contracting, Inc. on January 10, 2008 by delivering one (1) true copy of
the same to the Secretary of the State of New York, pursuant to Section 307 of New York Business
Corporation Law, and a proof of service having been filed on January 18, 2008, and by registered mail
on January 3, 2008, and a proof of service having been filed on January 18, 2008, and the defendant

not having answered the Complaint, and the time for answering the Complaint having expired, and the Clerk of the Court having issued its certificate of default on March 19, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against Defendant, pursuant to the arbitration award, in the liquidated amount of $2,350.00, representing costs and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action in the amount of $1,861.50 for a total of $4,211.50 and that Maria Gagliano Inc T/A New Look Contracting, Inc. and its officers are ordered to produce any and all books and records relating to Maria Gagliano Inc T/A New Look Contracting, Inc. for the period of March 2, 2005 through September 21, 2007.

Dated: _____
         New York, New York

                                    _____
                                    Honorable Deborah A. Batts
                                    United States District Judge

                                    This document was entered on the docket
                                    on _____.

STATE OF NEW YORK      )
                       :SS.:
COUNTY OF NEW YORK  )

      IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 1st day of April, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    Maria Gagliano Inc. T/A New Look Contracting, Inc.
        156 East Commodore Blvd., Suite B
        Jackson, NJ 08527

 

IAN K. HENDERSON

Sworn to before me this
1st day of April, 2008

NOTARY PUBLIC

ANDREW GRABOIS
Notary Public, State of New York
No. 02GR6127051
Qualified in New York County
Commission Expires May 23, 20__